UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARCUS GORDON, M.D. | ) | |
| | ) | Case No. 05-11372 MEL |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 9 BRANCH STREET, L.L.C., | ) | |
| BROOKS C-1 CONTROL CORPORATION, | ) | |
| HAROLD J. BROOKS, and | ) | |
| JOSEPH FRIEDMAN, | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS' ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES**

NOW COMES 9 Branch Street, L.L.C., Brooks C-1 Control Corporation, Harold J. Brooks, and Joseph Friedman, defendants in the above-entitled matter, by and through their attorneys, Wiggin & Nourie, P.A., and hereby submits its Answer in the above-captioned matter.

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants hereby respond to the separately numbered paragraphs in plaintiff Marcus Gordon's (hereinafter "Dr. Gordon") Complaint as follows:

1. The allegations in the first sentence of Paragraph 1 constitute legal arguments and conclusions to which no response is necessary. Defendants admit that defendant, 9 Branch Street, L.L.C., owns an office building in Methuen, Massachusetts and that Dr. Gordon leases office space in that building. The Defendants deny that any threat was made to terminate Dr.

1

Gordon's lease and further answer that Dr. Gordon was requested to utilize the office space in a manner consistent with representations made at the time of the lease agreement and in a manner consistent with the terms of that lease agreement. The allegations in the fourth sentence of Paragraph 1 constitute legal arguments and conclusions to which no response is necessary.

2. Defendants admit that Dr. Gordon was advised that the manner in which he was utilizing the leased office could constitute a violation of his lease but deny that any threat to terminate the lease was made. Defendants deny the allegations in the second sentence of Paragraph 2.

3. The allegations in Paragraph 3 constitute legal arguments and conclusions to which no response is necessary.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in Paragraph 4.

5. Defendant, 9 Branch Street, L.L.C. ("Branch Street LLC"), admits that it is a limited liability company registered in the Commonwealth of Massachusetts and has a usual place of business in Methuen, Massachusetts. By way of further answer, Branch Street LLC states that none of its members are citizens of the Commonwealth of Massachusetts. Further, the lease agreement entered into between Dr. Gordon and Branch Street LLC specifies that Branch Street LLC's has its principal place of business in Salem, New Hampshire.

6.  Defendant, Brooks C-1 Control Corporation ("Brooks C-1") admits that it is a Nevada corporation with a principal place of business in Salem, New Hampshire. Brooks C-1 admits that it is the manager of Branch Street LLC.

7.  Defendant, Harold J. Brooks, admits that he is the president and a director of Brooks C-1. Defendant Brooks denies that in his individual capacity he regularly engages in business in Methuen, Massachusetts. By way of further answer, Defendant Brooks admits that he is a citizen of the State of Florida and a resident of Hillsborough County, Florida.

8.  Defendant, Joseph Friedman, admits that he is an agent of Brooks C-1 and Branch Street. Defendant Friedman denies that in his individual capacity he regularly engages in business in Methuen, Massachusetts. By way of further answer, Defendant Friedman admits that he is a citizen of the State of New Hampshire and a resident of Rockingham County, New Hampshire.

9.  Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 9.

10.  Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first sentence of Paragraph 10. Defendants admit that in 2004, David Morin was the property manager for the office building owned by Branch Street LLC at 9 Branch Street in Methuen, Massachusetts ("Branch Street Property"). Defendants lack knowledge or information sufficient to form a belief as to the truth or

accuracy of the remaining allegations in the second sentence of Paragraph 10. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the third, fourth and fifth sentences of Paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first sentence of Paragraph 11. Defendants admit that Dr. Gordon signed a written lease with Branch Street LLC for the leasing of office space at the Branch Street Property ("Gordon Lease"). Defendants admit that David Morin signed the Gordon Lease on behalf of Branch Street LLC.

12. Defendants admit the Gordon Lease had an initial term of five (5) years and providing certain conditions were satisfied included an option to extend the lease for four (4) additional periods of five (5) years each. Defendants admit that Article 1.7 of the Gordon Lease reads: "Permitted Use: Office/Medical." Defendants admit that the Gordon Lease provided that Branch Street LLC would make certain improvements to the office space leased by Dr. Gordon. Defendants admit that Article 1.20 of the Gordon Lease reads: "Access: Tenant shall have access to the Building at all times."

13. Defendants admit that after the Gordon Lease was executed, certain improvements were made to the office space leased by Dr. Gordon at the Branch Street Property. Defendants lack knowledge or information

sufficient to form a belief as to the truth or accuracy of remaining allegations in Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first, second and third sentences of Paragraph 14. Defendants deny that Dr. Gordon had "security glass" installed at his own expense. By way of further answer, defendants state that Dr. Gordon had bulletproof glass installed at his own expense.

15. Defendants admit the allegations in Paragraph 15.

16. Defendants deny the allegations in the first sentence of Paragraph 16. Defendants deny the allegation that Dr. Gordon did not conceal the nature of his practice and lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in the second sentence of Paragraph 16. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the third sentence of Paragraph 16. Defendants deny the allegations in fourth sentence of Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants admit that on or about April 28, 2005 a protest took place in the vicinity of the Branch Street Property but lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first sentence of Paragraph 18. Defendants lack knowledge or information

sufficient to form a belief as to the truth or accuracy of the allegations in the second, third, and fourth sentence of Paragraph 18.

19. Defendants admit that that the Eagle-Tribune published a story on April 29, 2005 relating to the Branch Street Property. As that article constitutes a writing, it speaks for itself. Defendants deny the accuracy of the quotes attributed to Defendant Friedman.

20. Defendants admit that on or about May 20, 2005, the Eagle-Tribune ran a story relating to Dr. Gordon's practice. Defendants deny that the quote in Paragraph 20 attributed to Defendant Friedman was published by the Eagle-Tribune as a quote from Defendant Friedman or that it accurately reflects statements made by Defendant Friedman. Defendants deny the remaining allegations in Paragraph 20.

21. Defendants admit that following publication of the newspaper articles in April and May 2005, Defendant Friedman had a telephone conversation with Dr. Gordon. Defendants admit that during that telephone conversation, Defendant Friedman advised Dr. Gordon that Branch Street LLC was consulting with counsel regarding the Gordon Lease but deny the remaining allegations in Paragraph 21.

22. Defendants admit that Attorney Paul R. Kfoury, Sr. serves as counsel for Branch Street LLC and that on or about May 12, 2005, Attorney Kfoury sent a letter to Dr. Gordon. Defendants admit that Attorney Kfoury's letter outlined numerous violations of the Gordon Lease that Dr. Gordon was

23. requested to correct in order to bring himself into compliance with that lease.

23. Defendants admit that Attorney Kfoury's letter of May 12, 2005 characterizes Dr. Gordon's failure to disclose that he would be performing abortions at the Branch Street Property as a misrepresentation.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit that Attorney Kfoury's letter of May 12, 2005 references numerous breaches of the Gordon Lease, including the landlord's rules and regulations. Defendants deny the remaining allegations in Paragraph 25.

26. Defendants admit that Dr. Gordon's counsel sent a letter dated May 25, 2005 to Attorney Kfoury and as a writing, that document speaks for itself. By way of further answer, Defendants deny that they have violated or threatened to violate Dr. Gordon's civil rights.

27. Defendants admit the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. The allegations in Paragraph 29 constitute legal arguments and conclusions to which no response is necessary.

## Count One
### (Declaratory Judgment, Mass. Gen. Laws. C. 231A)

30. In response to the allegations in Paragraph 30, Defendants reallege and incorporate by reference their responses to Paragraphs 1-29.

31. The allegations in Paragraph 31 constitute legal arguments and conclusions to which no response is necessary, but to the extent an answer is required, the allegations are denied.

32. The allegations in Paragraph 32 constitute legal arguments and conclusions to which no response is necessary, but to the extent an answer is required, the allegations are denied.

## Count Two
### (Mass Gen. Laws. C. 12 § 11H and § 11I – Massachusetts Civil Rights Act)

33. In response to the allegations in Paragraph 33, Defendants reallege and incorporate by reference their responses to Paragraphs 1-32.

34. The allegations in Paragraph 34 constitute legal arguments and conclusions to which no response is necessary, but to the extent an answer is required, the allegations are denied.

## Count Three
### (Mass. Gen. Laws, Chapter 93A – Consumer Protection Act)

35. In response to the allegations in Paragraph 35, Defendants reallege and incorporate by reference their responses to Paragraphs 1-34.

36. The allegations in Paragraph 36 constitute legal arguments and conclusions to which no response is necessary, but to the extent an answer is required, the allegations are denied.

37. The allegations in Paragraph 37 constitute legal arguments and conclusions to which no response is necessary, but to the extent an answer is required, the allegations are denied.

38. The allegations in Paragraph 38 constitute legal arguments and conclusions to which no response is necessary, but to the extent an answer is required, the allegations are denied.

## Count Four
### (Breach of Contract)

39. In response to the allegations in Paragraph 39, Defendants reallege and incorporate by reference their responses to Paragraphs 1-38.

40. The allegations in Paragraph 40 constitute legal arguments and conclusions to which no response is necessary, but to the extent an answer is required, the allegations are denied.

41. The allegations in Paragraph 41 constitute legal arguments and conclusions to which no response is necessary, but to the extent an answer is required, the allegations are denied.

## Count Five
### (Breach of the Covenant of Good Faith)

42. In response to the allegations in Paragraph 42, Defendants reallege and incorporate by reference their responses to Paragraphs 1-41.

43. The allegations in Paragraph 43 constitute legal arguments and conclusions to which no response is necessary, but to the extent an answer is required, the allegations are denied.

## Count Six
### (Interference with Contractual Relations)

44. In response to the allegations in Paragraph 44, Defendants reallege and incorporate by reference their responses to Paragraphs 1-43.

45. The allegations in Paragraph 45 constitute legal arguments and conclusions to which no response is necessary, but to the extent an answer is required, the allegations are denied.

46. The allegations in Paragraph 46 constitute legal arguments and conclusions to which no response is necessary, but to the extent an answer is required, the allegations are denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES TO COMPLAINT

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The relief requested by plaintiff is barred by the doctrine of unclean hands.

### Third Affirmative Defense

The relief requested is barred in whole or in part by the doctrine of estoppel.

### Fourth Affirmative Defense

Any recovery by plaintiff is barred in whole or in part by reason of plaintiff's failure to mitigate his alleged damages.

## DEMAND FOR JURY TRIAL

Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Defendants demand trial by jury on all issues triable as of right by jury.

Dated: July 8, 2005

Respectfully Submitted,

9 BRANCH STREET, L.L.C.,
BROOKS C-1 CONTROL CORPORATION,
HAROLD J. BROOKS and JOSEPH
FRIEDMAN
By their Attorneys,
Wiggin & Nourie, P.A.

By: _____
Paul R. Kfoury, Sr., Esq. (MA Bar #270560)
Christopher J. Pyles, Esq. (MA Bar #631199)
WIGGIN & NOURIE, P.A.
670 N. Commercial Street, Suite 305
PO Box 808
Manchester, NH 03105
603-669-2211

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2005 service of a copy of the foregoing Answer and Statement of Affirmative Defenses was made on the attorneys of record for plaintiff by mailing a true copy thereof, contained in a sealed envelope, with postage prepaid, addressed to said attorneys as shown below.

R. Alan Fryer, Esq.
Dorothy M. Bickford, Esq.
Badger Dolan Parker & Cohen
One State Street
Boston, Massachusetts 02109

Sarah R. Wunsch
ACLU of Massachusetts
99 Chauncy Street, Suite 310
Boston, MA 02111

11

Dated: July 8, 2005

By: _____
Paul R. Kfoury, Sr., Esq.